UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS O. JACKSON,

    Plaintiff,

v.                                                                  Case No. 2:12-cv-382
                                                                   HON. R ALLAN EDGAR

AMY PITTSLEY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Defendants scheduled Plaintiff's deposition for May 13, 2013. Plaintiff refused to participate in his deposition. Defendants paid $71.60 for the court reporter to attend the deposition. Defendants move to dismiss this action for Plaintiff's refusal to participate in the court ordered deposition. Plaintiff filed a motion for adjournment of his deposition. The motion was received and filed by the court on May 13, 2013, the same date of the scheduled and noticed deposition. On May 20, 2013, Plaintiff filed a motion for a protective order objecting to his deposition, because it was not timely noticed and because corrections officers, who are not defendants in this action, confiscated his legal materials. Both of Plaintiff's motions lack merit.

This court issued a Case Management Order on February 6, 2013, which authorized Defendants to take Plaintiff's deposition. Plaintiff filed this lawsuit against Defendants. Plaintiff will not be permitted to refuse to participate in his own deposition. Plaintiff was provided with more than "reasonable notice" of his deposition date. In fact, Plaintiff was present during the scheduled deposition, but simply refused to participate. Plaintiff cannot blame individuals who are not even

defendants in this action for his refusal to provide deposition testimony. The court has authority to sanction Plaintiff for his refusal to attend and participate in his properly scheduled deposition. Fed. R. Civ. P. 37(d) and 41(b) provides that the court may sanction a party for refusing to participate in his deposition and failing to prosecute the case. The court has authority to dismiss the action against the offending party for failing to participate in their own deposition. Fed. R. Civ. P. 37(b)(2)(A)(v).

In the opinion of the undersigned, a plaintiff's deposition is one of the most basic and necessary procedures in every lawsuit. Plaintiff had no right to refuse to participate in his deposition. Plaintiff had no valid objection to his deposition. All Plaintiff needed to do was answer the questions presented to the best of his ability. Plaintiff refused to participate. If Plaintiff did not want to participate in his deposition, he could have voluntarily dismissed this case. Refusing to participate in something that was inevitable simply to try to bargain for an outcome that was not relevant to this lawsuit was inappropriate conduct on the part of Plaintiff and is inexcusable. Moreover, this court had already issued an order allowing Defendants to take Plaintiff's deposition. Plaintiff refused to comply with the court's order and the refusal was not justified. In the opinion of the undersigned, dismissal of this action is justified because Plaintiff violated this court's order and unjustifiably refused to participate in his own deposition, thereby frustrating the progress of this litigation and unnecessarily wasting time and money. Less severe sanctions are not available. The Court cannot impose a financial sanction on Plaintiff for his conduct because he is a prisoner without assets.

Accordingly, is recommended that Defendants' Motion to Dismiss (Docket #42) be GRANTED and this case be dismissed. It is further recommended that the court deny Plaintiff's Motion for Protective Order (Docket #38) and Motion For Adjournment of Plaintiff's Deposition (Docket #28).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 4, 2013