CURTIS O. JACKSON,

                Plaintiff,                  Case No. 2:12-cv-382

v.                                       Honorable R. Allan Edgar

AMY PITTSLEY, et al.,

                Defendants.

_____/

## MEMORANDUM AND ORDER

U.S. Magistrate Judge Timothy P. Greeley has entered a Report and Recommendation ("R&R") in this case, in which he recommended that Defendants' motion to dismiss be granted and Plaintiff's complaint be dismissed with prejudice. Doc. No. 56. Magistrate Judge Greeley granted the motion based on Plaintiff's refusal to participate in his deposition, pursuant to Fed. R. Civ. P. 37(d)(1)(A)(I), 37(d)(3), and 41(b). Magistrate Judge Greeley further recommended that the Court deny Plaintiff's motion for protective order [Doc. No. 38] and his motion for adjournment of his deposition [Doc. No. 28].

Plaintiff has filed objections to the R&R. Doc. No. 63. This Court is required to make a de novo determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). In his objections, Plaintiff asserts that he did not receive reasonable notice of the deposition. He states that his legal documents, which he had received a subpoena to produce, had been destroyed by prison employees. Plaintiff asserts that he suffers from a "major mental illness" of "manic depression psychosis," and the medications

that he takes affect his memory. Plaintiff states that, without his legal documents, he would have had substantial difficulty remembering dates, some of his claims, and witness statements. Finally, Plaintiff asserts that dismissal is a harsh and unfair sanction, and requests that, if sanctions are warranted, fees be imposed instead.

The Court finds that Plaintiff did receive reasonable notice of the deposition. The fact that Plaintiff's legal documents were allegedly stolen is irrelevant to the issue of whether he could have participated in the deposition. Plaintiff fails to provide a convincing reason for his failure to participate in the deposition. Plaintiff's complaints about his memory do not constitute a convincing reason. The Sixth Circuit has previously held that a district court granted a defendant's motion for dismissal for refusal to participate in his deposition, when the plaintiff had adequate notice and failed to provide an adequate explanation for his failure to proceed. *See Woodson v. Morris*, 1995 WL 692543 (6th Cir. Nov. 17, 1995). Such is the case here as well.

Plaintiff's objections [Doc. No. 63] are without merit and are DENIED. Magistrate Judge Greeley's R&R [Doc. No. 56] is APPROVED and ADOPTED as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b). Defendants' motion to dismiss [Doc. No. 42] is GRANTED. Plaintiff's motion for protective order [Doc. No. 38] and motion for adjournment of his deposition [Doc. No. 28] are DENIED. Plaintiff's motion to appoint counsel [Doc. No. 31], motion to quash his subpoena [Doc. No. 34], motions for reconsideration [Doc. No. 45, 46, 50], motion to compel discovery [Doc. No. 60], and motion for judgment on the pleadings [Doc. No. 67], as well as Defendants' motion for extension of time to complete discovery [Doc. No. 53] are DENIED AS MOOT. A judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.

Dated:        3/5/2014                        */s/ R. Allan Edgar*

R. Allan Edgar
United States District Judge